IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

BILLY TYLER,                         )
                                     )
              Petitioner,            )          8:11CV103
                                     )
        v.                           )
                                     )
HUBER and DOUGLAS COUNTY             )       MEMORANDUM OPINION
DISTRICT COURT,                      )
                                     )
              Respondents.           )
_____     )


        The Court has conducted an initial review of the

Petition ("Petition") for Writ of Habeas Corpus (Filing No. 1) to

determine whether the claims made by petitioner are, when

liberally construed, potentially cognizable in federal court.

Petitioner has also filed three motions, which the Court

construes as motions to amend his original petition (Filing Nos.

5, 6 and 7).   The Court will grant these motions and consider

them "as supplemental to, rather than as superseding, the

original pleading."   NECivR 15.1(b).

        Petitioner alleges that a Nebraska state court denied

his "29-2412 motion," leaving him threatened with "debtor's

prison."[1]   (Filing No. 1 at CM/ECF pp. 2-3.)   Petitioner also

---

[1] Nebraska Revised Statute § 29-2412(1) states: "Whenever it
is made satisfactorily to appear to the district court, or to the
county judge of the proper county, after all legal means have
been exhausted, that any person who is subject to being or is
confined in jail for any fine or costs of prosecution for any
criminal offense has no estate with which to pay such fine or
costs, it shall be the duty of such court or judge, on his or her
own motion or upon the motion of the person so confined, to

asserts that he spent the weekend of "April 8, 2011" in "[d]ebtor's prison" because of his inability to pay fines and costs (Filing No. 6).

In *Preiser v. Rodriguez*, the Supreme Court clarified that a habeas corpus action "is an attack by a person in custody upon the legality of that custody."  411 U.S. 475, 484 (1973). If a petitioner is not challenging the validity of his conviction, the length of his detention, or collateral consequences attached to a conviction, then a writ of habeas corpus is not the proper remedy.  *See id*. at 499; *Spencer v. Kemna*, 523 U.S. 1, 9 (1998) (describing how a writ of habeas corpus can still benefit a petitioner, even after he has been released from confinement, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law").

Here, petitioner alleges that he is threatened with "debtor's prison" because he cannot pay the fine or cost associated with his offense (Filing No. 1 at CM/ECF pp. 2-3). *See also* Neb. Rev. Stat. § 29-2412(1).  Petitioner does not allege that he is challenging the validity of his conviction, but instead appears to be challenging the state court's refusal to

---

discharge such person from further imprisonment for such fine or costs, which discharge shall operate as a complete release of such fine or costs."

release him from the financial obligations associated with his conviction (*See* Filing Nos. 1 and 6).  However, a person who is threatened with confinement for failing to pay a fine is not "in custody" if the threat of confinement is "no more than a speculative possibility." *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975); *see also Toolasprashad v. Grondolsky*, 570 F. Supp. 2d 610, 635 (D.N.J. 2008) (concluding that petitioner's challenge to a future parole eligibility hearing was too speculative to warrant habeas relief); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("[A] fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes.").  Indeed, the habeas custody requirement "is designed to preserve the writ as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  Because it "is an extraordinary remedy[,] . . . its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id*.

Petitioner has failed to allege sufficient facts to establish that the threat of "debtors prison" is a severe or immediate restraint on his liberty.  Thus, this Court lacks subject matter jurisdiction to issue a writ of habeas corpus in

-3-

this matter and this action will be dismissed.  A separate order

will be entered in accordance with this memorandum opinion.

DATED this 18th day of July, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

     * This opinion may contain hyperlinks to other documents or
Web sites.  The U.S. District Court for the District of Nebraska
does not endorse, recommend, approve, or guarantee any third
parties or the services or products they provide on their Web
sites.  Likewise, the Court has no agreements with any of these
third parties or their Web sites.  The Court accepts no
responsibility for the availability or functionality of any
hyperlink.  Thus, the fact that a hyperlink ceases to work or
directs the user to some other site does not affect the opinion
of the Court.